Case No. 24-3173. United States of America v. Michael Lawrence Rosebar Appellant. Ms. Bacci for the appellants. Mr. Hubel for the appellate. Good morning, Ms. Bacci. Whenever you're ready. Good morning, and may it please the Court. Ms. Rabat, on behalf of Michael Rosebar, I'd like to reserve two minutes for rebuttal. Mr. Rosebar appeals the District Court's denial of his 3582 sentence reduction motion. The parties in this case agree that under Step 1 of United States v. Dillon, Mr. Rosebar is eligible for a reduced sentence and his revised guidelines range is 87 to 108 months, which represents a 13-month reduction on the high end of the guidelines range. The parties also agree that under Dillon Step 2, the District Court must assess whether the authorized reduction is warranted in whole or in part. The District Court here erred because it failed to consider whether the authorized reduction was warranted in part, that is, whether Mr. Rosebar deserved to have his sentence reduced to something between 108 and 119 months. Instead, the Court here asked a much different question, an all-or-nothing question of whether Mr. Rosebar deserved a, quote, resentencing, and that is problematic. Let me just say a little bit about just where we are in terms of context of time. I believe that he is projected to complete his prison sentence on November 19, 2025, and mind you, a day extra in prison, of course, I'm sensitive to that. But what are you gaining here, you know, because you have to wait on the opinion, what are you actually gaining through this process for him? Right, yeah. You know, Mr. Rosebar maintains an equitable interest in having his sentence reduced because that reduction in sentence bears on the likelihood of his, any future motion to reduce his term of supervised release, and that's something that this Court addressed in Epps where the Court stated that where a supervised release term is still yet unserved, quote, because of the relationship between a prison sentence and supervised release, there seems to be a very substantial likelihood that a ruling that incarceration should have would influence the District Court's readiness to reduce his term of supervised release. So, obviously, that is one factor that Mr. Rosebar still has an interest in. Of course, the projected release date is also subject, potentially, to change. So, not contesting conviction and then not contesting criminal history points? That's correct. Would that consideration prevent this case from becoming moot on November 19 if we haven't ruled by then? So, there wouldn't be a mootness issue under Epps? That's correct. Based on what I, yes, correct. So, just to revisit why the term resentencing and the Court's multiple references to resentencing is problematic. First, that reference and that understanding that the District Court espoused is a blatant contradiction of the language in Dillon. Dillon stated, quote, 3582C2 does not authorize a sentencing or resentencing proceeding. Secondly, the District Court's understanding of the inquiry being, you know, does Mr. Rosebar deserve a resentencing is an all-or-nothing inquiry that sets the bar far too high for Mr. Rosebar. It further prevents the, prevented the District Court from assessing whether he was, in fact, whether his mix of 3553A factors and his post-conviction conduct allowed him to deserve a reduction in part. And that is an inquiry that the Court did not. Generally, when we have these sentencing reduction schemes, if you will, from the guidelines, there seems to be a built-in assumption that the guidelines were reduced because they were too high under that particular conviction. And so, does that mean that because the guideline sentences are low that there's an assumption that defendants should automatically be sentenced within the new range because that's the more applicable range at that point in time, and that's the whole reason why the Sentencing Commission reduced the range? Yes. I mean, I think that's a fair interpretation. I think Dillon obviously left discretion to the District Court to decide whether or not the 3553A factors under Step 2 warrant a reduction. Of course, we agree that… And then going to the 3553A factors, you're calling it kind of a resentencing, but why not, you know, couch it as a re-evaluation of the 3553A factors and that you would look at, has anything changed, you know, substantially from those factors? And in this case, the judge looked at victim impact, you know, what is the loss, like certain things had not changed. Yes, he's got, Mr. Rosebar, favorable characteristics with respect to his post-incarceration relief, but the judge seemed to focus on the lack of remorse or some of the things that he did not believe had changed from the first sentencing. That is correct. I think your Honor is hitting one of our points on the head, which is that there are a number of factors that did not change, right? The nature and circumstances of the offense did not change. The two factors that did change the guidelines range, as well as his mitigating conduct in prison, overwhelmingly favored a reduction in sentence. So, we agree that the court struck the wrong balance by looking at factors that did not change. Recidivism would be one of those factors, too, right? Correct. Recidivism is one of those factors, the likelihood of recidivism. Looking at lack of remorse and impact on victims, the failure to really decrease the restitution as part of that recidivism piece, too. The court did look at the likelihood of recidivism, but we contend that the court did not engage in the right balancing as to that inquiry. It looked at the nature of the offense, and then it referred to Mr. Rosebar's filing of various motions post-conviction, but gave a brief nod to some of his mitigating conduct, did not actually weigh that conduct. It appears that the court did not actually weigh that conduct in its inquiry, and that's why we pointed this court to Martin and McDonald, the two Fourth Circuit opinions, where the court, where the Fourth Circuit actually stated that the failure of the district court to give any weight to the, quote, redemptive measures that the defendant took was error. And here also, the court did not give any weight to those redemptive measures. And had it done so, had it actually engaged in the right inquiry, which is, is any part of this reduction, any part of this authorized reduction warranted, it certainly would have weighed those mitigating factors in the analysis and found that some reduction is certainly warranted. And again, in Martin, it's on point because there the defendant had very similar factors, a clean disciplinary record, minimal security prison, elderly age, various other pro-social factors, including strong family relationships, and the court, the district court, wholly denied any resentencing that he was warranted, that was warranted, sorry, that he was eligible for. And the Fourth Circuit said that the court must explain why, in light of the ample mitigation, the sentence remains wholly undisturbed. And here, too, there was ample mitigation, but the court decided to ask the wrong legal inquiry, which is, you know, is a resentencing warranted, rather than asking. The district court, I'm just reading from its opinion, says the court turns now to the 3553A factors to determine whether, in its discretion, the reduction is warranted in whole or in part under the circumstances of this case. That is correct. That's the right legal standard. We don't contest that the court stated the right legal standard. What we contest is its application. Then you're just fussing over the discretionary balancing. No, so as this court well knows, stating the right legal standard is one part of the inquiry. This court has repeatedly affirmed in Aguibe, in Brown, Judge Edwards' opinion in Brown, that it's the application, it's the application of that legal standard to the individual, to the individual defendant that matters. And that reason, the court needs a but the court needed to provide a reasoned basis for this court to be able to exercise adequate appellate review. And here, the court, every time the court engaged in an individualized inquiry, it stated resentencing. Does Mr. Rosebar deserve a resentencing? That is not the same inquiry as asking whether any part of this authorized reduction. Resentencing, I mean, it's just shorthand for in whole or in part, which is what he says in the topic sentence where he's diving into this. I understand. And again, the reason why that's problematic is, first of all, it contradicts Dillon. Dillon expressly stated 3582 does not authorize a sentencing or resentencing. Second of all, again, it's an all or nothing inquiry. There's nothing in that inquiry that is any part of that. If he had won to have the reduction, would you then consider that the resentencing was okay? I'm sorry, can you repeat that? If he had gotten the reduction, would you then consider the resentencing, as you allege, was okay? It's a reduction in sentence and if he had gotten his actual reduction, we would obviously, I mean, that would be okay. But that's not a resentencing. That is a reduction in sentence, right? That's why I'm calling it a reevaluation of the factors that you're saying resentencing, but I think that's semantics. Right. I mean, if the court, the question is what is the, what does the district court, what did the district court here do, right? And in looking at its individualized analysis, every time the court, every time the court looked at the various factors, victim impact, the nature and circumstances of the offense, the post-conviction conduct, the likelihood of every time the court stated, does this weigh in favor of resentencing? And at the end of its opinion, it did not say or even indicate that it engaged in an inquiry as to whether the reduction was authorized in part. And I know that the term resentencing, you know, it might be, might be confusing and, but the point is, does this, does the, does it seem from this opinion, does it appear that the district court actually engaged in an inquiry of whether any part of the reduction was authorized, any part, two months, four months, six months? And I, and it does not appear that the court engaged in that inquiry. And if certainly for purposes of appellate review, you know, there's not a reason basis under, you know, Aguirre and Brown, again, that would allow this court to be able to review that decision and say, yes, the court engaged in that partial inquiry. Any other questions? Judge Edwards? Okay, we'll give you some rebuttal. Thank you. Morning. Good morning. May it please the court. Mark Hobel for the United States. The district court did not abuse its discretion in denying the 3582C2 motion. It committed no legal procedural error and its denial of a sentence reduction pursuant to the 3553A factors was substantively reasonable. Do you think this will move if we manage not to get an opinion out by November 19? Or do you agree with your colleague? To be honest, your honor, that was my assumption coming in is that it would move. I hadn't looked at EPS or really thought about that issue, but it had been my assumption that we moved. With respect to, I guess my plan was simply just to respond to a few of the points raised by Mr. Rosebar's counsel here. First, as to the legal question, the procedural, the procedural issues, Mr. Rosebar argues that the district court treated this as a plenary resentencing proceeding, didn't follow Dillon, treated this as an all-or-nothing approach, and that's belied completely by the district court's thorough order. It stated, as Judge Kansas pointed out at page 85 of the appendix, it specifically applied the correct legal standard and asked whether a sentence reduction is warranted in whole or in part under the circumstances of this case. It also, at page 87 of the appendix, in page 7 of its order, specifically noted that factors, that the nature, circumstances, and scope of the defendant's fraudulent behavior weigh against any resentencing. So it clearly recognized that it had the authority to grant a partial reduction in sentence, but found, under its discretionary balancing of the relevant factors, that no reductions were warranted. Do you agree that there needed to be a re-evaluation of the factors, like you couldn't just simply say, in relying on what I previously sentenced, I find that there's no need for a reduction, if that's all that happened? I agree with that. I agree with that completely. I note that this was a different judge. This was Judge Hogan was the original sentencing judge, so there was a re-evaluation in that respect, and there was a specific re-evaluation conducted in this order. And are you familiar with Judge Roger Gregory's opinion in the Fourth Circuit, stating that just to merely recite your prior sentencing factors essentially, that's not the basis for denying a sentence reduction? Right. And I believe that was a concurrence in the context of a compassionate release, which is a slightly different posture than a defendant would have to show extraordinary and compelling reasons. But the district court here did correctly note that it had to evaluate this pursuant to the 3553A factors, and it may, discretionarily may, consider post-conviction information. And in fact, it did so here and balanced it very carefully. I'd suggest that Mr. Rosebar's counsel suggests that the district court struck the wrong balance, and that's not a basis for this court to reverse as an abuse of discretion. The balancing of the factors is entrusted to the discretion of the district court, and so long as it was substantively reasonable, and it was here, this court should affirm. There was a question, I believe, Judge Childs, as to whether this court should, whether in a 3582C2 motion, there should be an assumption that the new guidelines range is appropriate. And this court has rejected that, and I'd point the court to Galloway's and United States v. Jones, which was cited in Galloway's, which specifically said that there's no downshift assumption that as long as the trial court appropriately balances the 3553A factors, the ordinary substantive reasonableness review applies. Here, there was a, this was a, the fact that another judge could have weighed the factors differently doesn't mean that Judge did. And indeed, given, you know, the serial frauds perpetrated by Rosebar that literally destroyed people's homes, I think it was a fully appropriate balancing of the factors here, and weighing his, you know, clearly recognized his admirable, that's what Judge Colarcoatelli said, admirable efforts in prison, his work disciplinary and education in prison against his utter lack of and drew the appropriate inference that that lack of remorse and the nature of his crimes means he is a, there's a significant likelihood he will re-offend when he is released. So, and then just very quickly to note, before I sit down, Rosebar has pointed to a couple of decisions from the Fourth Circuit, Martin and I believe McDonald, and this case is very different from Martin and McDonald. In Martin and McDonald, the district courts did not even mention the positive rehabilitative information in their very, very brief orders denying 3582C2 motions. Here, the district court clearly recognized, again, deemed it admirable and simply found that it was outweighed by other factors. So, I guess unless there are no further questions, we would ask that this court affirm. I want to be clear in what you, you were a little bit quick in your response on potential mootness. I was surprised that you were saying, I don't know, I just assumed it would be in our favor. I think that's not correct under the law. I don't think it would be moot under EPS, and that line of cases, if we were to determine that they had a viable petition or a viable appeal because of the, what the Supreme Court has said, there are other factors to be considered, even if your sentence has been completed. Right. That may well be true. I just, I had not thought to look at EPS or thought about the supervised release question. You're saying that too comfortably, but I'll leave that for another day. I mean, it's a potential issue. We'd like to hear from the parties on potential issues. I don't see, I want to make sure you're not suggesting to the court that the government's position is, it would, yes, definitively would be moot. That's because I don't think that's right under the law. It depends. It would certainly depend on what we decided to do, but if we were inclined to go with their position, it was after the November 19th date, that case is not moot. Right. And in part, you know, this is, you know, there is still more than a month and a half remaining. And of course, any single day, any single day in prison, you know, would not moot the case. So this may not be talking about the potential mootness that EPS and those line of cases we're talking about where the sentence is done and the claim is made, well, there's nothing to be said. And the court said that's not accurate. Right. If the court would like the government to look into this further, I'm happy to do that. I'm just going to make sure you're not boldly asserting something that surprised me, but you are, you are mostly saying I haven't thought about it. Is that right? Oh, that's right. I was, it was the opposite of bold, your honor. A very caveat, I suppose. Well, I don't want to go that far, but that's up to the court. You can go that far. Thank you. All right. Thank you. Thank you. Yeah. We'll give you two minutes. Sure. Thank you. Just a couple of quick, quick points. The court, the government points to the word any. That word was used once in the district courts analysis. Again, there's no indication in its analysis. Appendix is pages 86 to 89. At no point did the court consider whether a partial reduction was warranted. And just, I thought an analogy might be helpful here to understand why the court did not engage in the partial inquiry. As the government, as the government asserts, let's say that at my house, I have a policy where my kids are eligible for a slice of cake if they've eaten dinner. And I must decide whether they get that slice of cake in whole or in part. And let's say that my child asks me after dinner, he's eaten dinner. I would like half a slice of cake because I know I've been fighting with my sister. I know you're upset with me. I would just like half a slice of cake. If I just say no, I have not engaged in the right inquiry. I need to determine whether he's entitled to any part. Is he entitled to a quarter of the slice of cake? A third of the slice of cake? I might deny him. But if you ask yourself, is he entitled to cake in whole or in part? Right. If I've engaged in that inquiry. If I'm correct, if I've done that inquiry, if I have, in fact, engaged in that inquiry and said, is he entitled in any part to the slice of cake? Then you are correct. But if I simply say, no, you don't get half. And that's all I've said. And all I've engaged in is, does he get half? Then I have not. And that's what it is in the household. A lot of kids would know exactly what you and I think a lot of members of our audience might understand that, too. But that is the rules of this house. You violate my rules, you get no part of the cake. Right, exactly. But even under your hypo, you make an assumption that the judge has to ask or put on the record the specific question when everyone knows why you're there at that hearing. And then if the judge goes back into discussing the 3553A factors and basically answers the question without stating the question why you all know that you're there, is that not sufficient? Well, all we know is what is written in the opinion, right? There was no transcript from this hearing. And the judge stated the correct legal standard. But in its application, there was no point at which the court looked at, is any part of this authorized reduction warranted? Right? And if the court had said, I've balanced these factors, I've considered the mitigating evidence, and no part of this authorized sentence is warranted, we would be in a different position. But this court has stated numerous times in Agibre and Brown again, that simply stating the correct legal standard is not sufficient. It's the application of that legal standard that needs to be reasoned, it needs to be described, and it needs to provide an adequate basis, a demonstrated reasoned decision making, and an adequate basis for appellate review. That's well established in this court. And here, there's nothing in this opinion that provides that demonstrated reasoned decision making that allows this court to exercise adequate... You really can't read the district court to be saying recidivism outweighs the other considerations given the way that opinion was written? Isn't that what's being said? It outweighs. And lack of remorse. And lack of remorse. It seems like it leaps right out and says, I know all of what I'm supposed to consider, but these two outweigh the others. You know, I would be with you, Your Honor, if she had said no part of this authorized sentence is warranted. But to me, looking at... If we're talking about just risk of recidivism, and we know what the policies of the sentencing commission is, we know that they crunched the numbers, and that's why they even enacted Amendment 821, in addition to all his prosocial factors and his mitigating evidence, that to me suggests that at least some part, some part of this one changed factor warrants a partial reduction. And I don't... We simply disagree that the court has engaged in that inquiry. Any other questions? Thank you, Your Honor. Thank you, counsel. The case is submitted.
judges: Katsas; Childs; Edwards